**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-13-1070-PHX-SRB (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Carolina Garivay, | |
| Defendant. | |

This case arises on Defendant's Motion to Reconsider Order of Detention, filed on December 5, 2013, requesting "[t]his Court to reconsider its Order of Detention Pending Trial entered on July 23, 2013, and to set this matter for a Detention Hearing if more information is needed to determine appropriate release conditions." (Doc. 26)  While this motion appears not to be an untimely appeal (review) of the July 23, 2013 detention order, *see* Rule 59(a), Fed.R. Crim.P., it is not clear whether defense counsel seeks reconsideration of the detention order or claims there is a material change in circumstances to warrant a second detention hearing. The Court will discuss both contentions.

According to defense counsel, "Pretrial Services had recommended detention because there was no place where Ms. Garivay, a United States citizen, could reside in the United States." (*Id.* at 1)  The motion represents that since the detention hearing in July, "[n]ew information has come to light regarding residential placement. Ms. Garivay is six months pregnant, and according to Pretrial Services, there is a halfway house [Crossroads For

Women] with bedspace availability willing to accept her as a resident." (*Id.*)

Defense counsel distorts the basis upon which Defendant was detained and Pretrial Service's recommendation that Defendant remain detained. (Sealed doc. 5 at 4) ("The defendant poses a risk of nonappearance based on her close familial ties to Mexico, her residential status in that country, unemployment status and her self-reported mental health issues. Therefore, Pretrial Services believes there are no known combinations of conditions that can be set in place to minimize the risk of nonappearance."). Regardless whether defense counsel requests reconsideration of the July detention order or seeks a second detention hearing due to a material change in circumstances, Defendant's Motion to Reconsider will be denied.

**I. Background**

On July 8, 2013, Defendant, the sole occupant of the vehicle she was driving, entered the United States from Mexico at the San Luis Port of Entry, and, upon a search of her vehicle, she was arrested. Defendant was initially charged by criminal complaint, and subsequently by indictment, with one count of Importation of Methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960(a), 960(b)(1)(H), and 963; and one count of Possession with Intent to Distribute Methamphetamine, in violation of  21 U.S.C. §§ 841(a)(1), 81(b)(1)(A)(viii). (Docs. 1, 13)   The Complaint indicates a large quantity of methamphetamine, wrapped in 28 packages, was hidden in the rear-bumper and other areas of her 2000 Nissan Maxima. (*Id.* at 3) The Complaint claims Defendant admitted to HSI special agents that she knew she was smuggling methamphetamine into the United States, had smuggled a narcotics load four days previously, and was supposed to be paid $4,000 for each successful load she delivered. (*Id.* at 4)

The July 10, 2013 Pretrial Services Report indicates Defendant, age 27, is a U.S. citizen and was unemployed and living in San Luis, Sonora, Mexico with three of her four minor children at the time of her arrest. (Sealed doc. 5) She states her fourth child, a five-year-old son, resides with his father, presumably in Mexico. (*Id.* at 2) Most of her siblings also reside in Mexico where Defendant has lived for 14 years. (*Id.*) The PTS Report

notes that Defendant was six weeks pregnant when she was arrested on July 8, 2013. (*Id.*)

After counsel was appointed, a full detention hearing was held on July 23, 2013, before the undersigned Magistrate Judge, who ordered that Defendant remain detained pending trial as a serious flight risk. (Doc. 9) This Magistrate Judge found, and detention order reflects, that Defendant failed to rebut the rebuttable presumption that arises as a matter of law upon the grand jury's finding of probable cause that she committed the charged offenses. *See United States v. Cantu-Lopez*, 2012 WL 4458142, at *1 (D. Ariz. Sept. 26, 2012) ("[T]he Bail Reform Act contains a rebuttable presumption that an individual should be detained if the Court finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.") (citing 18 U.S.C. § 3142(e)(3) (emphasis omitted)). The following factual findings were made at the detention hearing and set forth in the detention order:

> 1. Though Defendant is a U.S. citizen, she lives in Mexico with three or four of her minor children, ages 7, 4, and 2, and her mother; 2. Though she enjoys the presumption of innocence, it is highly likely, based on the strength of the Government's case and her admissions against penal interests, she will be convicted if the case goes to trial; 3. Due the quantity of meth (14.85 kilograms) found hidden in her vehicle, she is facing a significant prison sentence and is likely motivated to flee to Mexico to be with her children; 4. Defendant does not have a place to reside in the U.S.

(Doc. 10 at 3) No appeal was taken of the July 23, 2013 detention order.

The docket reflects that, on October 21, 2013, nearly three months after the detention hearing, Defendant pled guilty, pursuant to a written plea agreement, to Possession with Intent to Distribute Methamphetamine, a Class C felony and a lesser included offense of Count 2, which carries a maximum prison sentence of 20 years. (Docs. 22-23) While she may be eligible for the Safety Valve's downward departure under U.S.S.G. § 5C1.2, and the parties have stipulated to a sentence not to exceed the low-end of the Guideline range, Defendant will likely receive a significant prison sentence due to the large quantity of methamphetamine she possessed with intent to deliver. Sentencing is presently set for

1  February 3, 2014.

2  **II. Motions to Reconsider**

3  "The Federal Rules of Criminal Procedure do not expressly permit motions for

4  reconsideration." *United States v. Masters*, 2012 WL 5378194, at *6 (D. Nev. Oct. 30,

5  2012); *see also United States v. Holtzhauer*, 2006 WL 1582444, * 1 (S.D. Ohio 2006) ("The

6  Federal Rules of Criminal Procedure do not specifically provide for a motion to

7  reconsider."). District courts presented with motions for reconsideration in criminal cases

8  typically evaluate them under the same standard applicable to a civil motion to alter or

9  amend judgment pursuant to Federal Rule of Civil Procedure 59(e). *See*, *e.g.*, *United States*

10  *v. Herman*, 2009 WL 2973123, at *2 (E.D. Wash. Sept. 11, 2009) (citing *Dixon v. Wallowa*

11  *County*, 336 F.3d 1013, 1022 (9th Cir. 2003), *affirmed by* 415 Fed.Appx. 822 (9th Cir.

12  2011)). "A motion for reconsideration can only be granted when a district court: (1) is

13  presented with newly discovered evidence; or (2) committed clear error or the initial decision

14  was manifestly unjust; or (3) there has been an intervening change in controlling law.

15  *Herman*, 2009 WL 2973123 at *2.  In *Herman*, the district court "assume[d] the same

16  standard applies in both civil and criminal cases, even though the Federal Rules of Criminal

17  Procedure do not contain a provision akin to Fed.R.Civ.P. 59(e) 'Motion to Alter or Amend

18  a Judgment.'"). *Id.* at n. 4.

19  Local Rule of Civil Procedure ("LRCiv") 7.2(g)(2), applicable to criminal cases *via*

20  LRCrim 12.1, establishes that "[a]bsent good cause shown, any motion for reconsideration

21  shall be filed no later than fourteen (14) days after the date of the filing of the Order that is

22  the subject of the motion." Because Defendant was detained on July 23, 2013, her motion

23  is untimely by over four months and no valid reason has been asserted for the Court to

24  reconsider the detention order. There has been no showing of newly discovered evidence,

25  the Court committed clear error or the initial detention order was manifestly unjust, or there

26  has been an intervening change in controlling law. *See Herman*, 2009 WL 2973123 at *2.

27  **III. Reopening Detention**

28  Title 18 U.S.C. § 3142(f) of the Bail Reform Act expressly provides that a detention

hearing:

> [m]ay be reopened at any time before trial if the judicial officer finds that *information exists that was not known to the movant at the time of the hearing and that has a material bearing on* the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Title 18 U.S.C. § 3142(f) (emphasis added); *United States v. Smith*, 2012 WL 3776868, at *3-4 (D. Ariz. Aug. 31, 2012); *United States v. Jacquot*, 2011 WL 1636943, * 2 (S.D. Cal. April 29, 2011); *United States v. Simpson*, 2010 WL 129793, * 3 (D. Utah Jan. 8, 2010). Thus, the "movant," whether prosecutor or defendant, must establish: 1) that information now exists that was not known to the movant at the time of the initial detention hearing, and 2) the new information is material to release conditions regarding flight or dangerousness. *United States v. Bowens*, 2007 WL 2220501, *1 (D. Ariz. July 31, 2007) (citing *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989) (testimony of defendant's family and friends is not new evidence to warrant reopening of detention).

**IV. Release After Guilty Plea Before Sentencing**

"Federal Rule of Criminal Procedure 46(c) conditions eligibility for release pending sentencing on compliance with the provisions of 18 U.S.C. § 3143." *United States* v. *Whitlock*, 2011 WL 4852308, at *3 (D. Ariz. Oct. 13, 2011) (citing Rule 46(c), Fed.R.Crim.P.[1]; *United States v. Taliaferro*, 779 F.Supp. 836, 837 (E.D. Va. 1992)). "Independent of 18 U.S.C. § 3143, a statute that is not a model of clarity, Rule 46(c) makes clear that '[t]he burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.'" *Id.* (quoting Rule 46(c), Fed.R.Crim.P.).  Subsection (1) of § 3143(a) mandates that a person "found guilty . . . who is awaiting imposition or execution of sentence" shall be detained, "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger

---

[1] Federal Rule of Criminal Procedure 46(c) states that "[t]he provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal. *The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant*.").  Rule 46(c), Fed.R.Crim.P. (emphasis added).

to the safety of any other person or the community if released."[2] *United States v. Oliver*, 2010 WL 5401435 (N.D. Ohio Dec. 23, 2010) (after defendant pled guilty, request for release on bond pending sentencing to care for defendant's children due to children's mother's ill health denied); *United States v. Mellies*, 496 F.Supp.2d 930 (M.D. Tenn. 2007). "[Section] 3143(a) creates a presumption in favor of detention pending sentencing." *United States v. Marks*, 947 F.Supp. 858, 863 (E.D. Pa. 1996). "Clear and convincing evidence means something more than a preponderance of the evidence and something less than beyond a reasonable doubt." *Id.* at 863 (quoting *United States v. Mustakeem*, 759 F.Supp. 1172, 1177-78 n. 7 (W.D. Pa. 1991) (internal quotations omitted in original)); *see also*, *United States v. Londono-Villa*, 898 F.2d 328, 329 (2d Cir. 1990) (holding that the district court's finding by clear and convincing evidence that defendant did not pose flight risk pending sentence was clearly erroneous).

**V. Discussion**

The Court is not persuaded that Defendant will not likely flee to Mexico where her four children and other family members live if she is released on conditions, especially while she is contemplating a likely significant prison sentence. *See United States v. Gentry*, 455 F.Supp.2d 1018, 1020 (D. Ariz. 2006) ("[D]istrict court [may] consider possible punishment as an incentive for a defendant to flee in assessing a defendant's risk of flight.") (citing *United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990)). Defendant has not met her

---

[2] Title 18 U.S.C. § 3143(a)(1) provides in pertinent part:

> Except as provided in paragraph (2), the judicial officer *shall* order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . *be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released* under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1) (emphasis added).

1  burden of proof by clear and convincing evidence that she will not likely flee if she were

2  released from custody.  Contrary to defense counsel's misrepresentation why Defendant was

3  detained, Defendant was not detained because there was no place for her to reside in the

4  United States pending trial. While only one factor the Court considered in its detention

5  analysis, the lack of bedspace alone is only a temporary basis to detain a defendant, who

6  otherwise qualifies for release, as bedspace will inevitably become available prior to trial.

7  Defendant was detained because the Court considered the nature and circumstances of the

8  charged offenses, the weight of the evidence, the history and characteristics of the

9  Defendant, and the nature and seriousness of the danger posed by the person to the

10  community upon release as required by 18 U.S.C. § 3142(g) and found she was a serious

11  flight risk and no combination of conditions would reasonably assure her appearance at all

12  future court proceedings. *See*, *e.g.*, *United States v. Whitlock*, 2011 WL 1843007 (D. Ariz.

13  May 16, 2011). While the Court did not find Defendant was too dangerous to release, the

14  totality of these detention factors warranted the conclusion that Defendant was, and is, a

15  serious flight risk. Moreover, neither Defendant's pregnancy, known at the time of the July

16  detention hearing, nor the lack of any bedspace at a Phoenix halfway house in July, which

17  is apparently now available for Defendant's placement, do not constitute, either separately

18  or collectively, a material change of circumstances to warrant setting a second detention

19  hearing. *See*, *e.g.*, *Smith*, 2012 WL 3776868, at *4 ("It appears Defendant is under the

20  mistaken impression that federal law authorizes him to repeatedly file multiple motions to

21  modify his release conditions until he gets the ruling he likes.").

22  **VI. Conclusion**

23          The Court is duty-bound to follow the law and will deny Defendant's reconsideration

24  motion because Defendant has not met her burden of proof by clear and convincing evidence

25  that Defendant is not likely to flee if released; there has been no material change in

26  circumstances to merit a second detention hearing; and there has been no showing of newly

27  discovered evidence, the Court committed clear error or the initial detention order was

28  manifestly unjust, or there has been an intervening change in controlling law. *See* Rule 46(c),

1   Fed.R.Crim.P.; 18 U.S.C. §§ 3143(a)(1), 3142(f); *Herman*, 2009 WL 2973123 at *2.

2         Accordingly,

3         **IT IS ORDERED** that Defendant's Motion to Reconsider Order of Detention, doc.

4   26, is **DENIED**.

5         Dated this 16th day of December, 2013.

6

7

Lawrence O. Anderson
United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28